## THE ELLERDALE.

(Circuit Court of Appeals, Second Circuit.
December 14, 1925.)

### No. 72.

**1. Shipping** ⟨⇒131—**As respects liability from breakage by handling on wharf, usual amount of breakage in holds may be considered, in absence of proof of actual breakage in holds.**

In absence of any proof as to how much breakage of boxes of lemons occurred in holds, libelant, seeking to recover for negligent handling of the boxes on the wharf on unloading, may take, as one term in its calculation, the usual amount of breakage in such cargo.

**2. Shipping** ⟨⇒209(3)—**Shipping company, liable for breakage to lemons, may limit liability by invoice value as provided in bills of lading, although no motion to amend to include limitation was made after defeat of motion in companion case.**

Shipping company could limit its liability for damages to cargo of lemons by declared or invoice value of lemons, as provided by bills of lading, notwithstanding that motion to amend to set up such limitation clause was not made after having been refused in companion case, tried at same term.

**3. Shipping** ⟨⇒132(3)—**Libelant has burden of showing what goods were removed after notice required by bills of lading was given.**

Where bills of lading exempted company from liability from any claim for goods removed before giving of notice, libelant has burden of showing what goods were removed after the giving of notice.

**4. Shipping** ⟨⇒132(3)—**Libelant must show condition of lemons when shipped, when not shown by bills of lading, to recover for lemons removed by board of health.**

Where bills of lading did not show condition of lemons when shipped, libelant, to recover value of lemons condemned by board of health and removed at landing wharf, must show such condition and is entitled to recover value of lemons condemned, so far as he succeeds in showing what decay was caused by breakage in handling on pier, or by delay due to confusion in marks or breakage.

Appeal from the District Court of the United States for the Eastern District of New York.

Libel by Charles L. Fuller against the steamship Ellerdale, her engines etc., Edgar Calvert, claimant, wherein the Cunard Steamship Company, Limited, and another, were impleaded. From a decree dismissing the libel against the ship, and holding the Cunard Steamship Company liable (3 F.[2d] 824), the Cunard Steamship Company appeals. Decree affirmed as to claimant, and reversed as to the Cunard Steamship Company, with directions.

Franklin Grady, of New York City, for Cunard S. S. Co., respondent-appellant.

Frank I. Finkler, of New York City, for libelant-appellee.

Robert S. Erskine, of New York City, for claimant-appellee.

Before ROGERS, MANTON and HAND, Circuit Judges.

HAND, Circuit Judge. This case is a companion to The Bencleuch, 10 F.(2d) 49, decided herewith. The lemons were shipped under similar bills of lading and the relations of the parties to the ship and cargo were the same. The outturn was, however, much better, for what reason it does not appear, and no claim is made for any damage done during the voyage, the amount of which was not shown. Moreover, the discharge was in platforms and caused no breakage. The only liability was predicated upon the handling of the boxes upon the wharf, especially on the chute by which they were delivered to waiting trucks. The ship was exonerated, and no one complains of so much of the decree, except that she was allowed no costs. The stevedores were not joined, and the substance of the dispute is between the Cunard Steamship Company and the libelant.

[1] We see no reason to disturb the finding of the District Court that some boxes were broken on the pier, nor that of the commissioner as to their number and the salved or resold values. We think, moreover, that, in the absence of any proof as to how much breakage occurred in the holds, the libelant might take, as one term in its calculation, the usual amount of breakage in such a cargo. Nor are we disposed to consider de novo the evidence on which the commissioner found that the usual breakage was only one-half of 1 per cent. That finding has been confirmed by the District Court, and it was confessedly on conflicting proof. As the cause must go back for a rehearing, we will, however, allow the Cunard Company to prove, if it can, the amount of actual breakage in this cargo in answer to the case made by the libelant, based upon the presumption that the actual breakage was the same as the usual breakage.

[2] In estimating damages the new commissioner will allow the appellant, as in The Bencleuch, to limit its liability by the declared or invoice value of the lemons under the same clause of the bills of lading. It is true that Mr. Grady, after being defeated on his motion to amend in The Bencleuch, did not move in this suit. We think it was un-

necessary for him to go through the idle form again. This appeal being a new trial, we now allow the amendment.

[3] Similarly as to the requirement that notice must be given before removal. We need say no more than we said in The Bencleuch, except that the letter of August 8, 1917, was a compliance with the requirement from the time of its receipt. The libelant has the burden of showing what lemons were removed after that receipt.

[4] As to the parcel seized by the board of health, we hold that the bills of lading did not show the condition of lemons when shipped, and that the libelant must show that condition. If he does, he may show, at the new hearing, if he can, what was the decay caused by breakage in handling on the pier, or by the delay, if any, due to confusion in the marks or breakage. So far as he succeeds he will recover the value of the lemons condemned, subject to the limitation of liability clause.

The cause was somewhat more inexcusably delayed than The Bencleuch, but we recognize that the two cases should have gone pari passu, and we will make no different disposition of the interest charge; that is, interest will run from August 10, 1919.

Decree affirmed as to the claimant, with costs against the libelant in the District Court, and no costs in this court. Decree reversed as to the Cunard Steamship Company, and cause referred to William Parkin, Esq., as commissioner of this court, to reassess the damages in conformity with the foregoing opinion.