RAYMOND F. KILTHAU, Respondent, v. INTERNATIONAL MERCANTILE MARINE COMPANY, Appellant.

Carriers — freight — limitation of liability for damage invalid unless based upon choice of rates or other benefit to the shipper — where carrier had in effect but one rate, limitation of liability to invoice value invalid — shipper entitled to recovery based on value of goods at destination — limitation to invoice value arbitrary.

1. A carrier may limit its liability for damages caused even by its own negligence if the parties agree that recovery shall be limited to an agreed valuation which forms the basis of the charges fixed by the carrier, or where limitation is the consideration for other benefit to the shipper, but limitation imposed without choice of rates between limited and unlimited liability is not valid, and, in the absence of other special consideration moving to the shipper for a limitation of liability for negligence on the part of the carrier, such limitation is without effect.

2. In an action to recover for damage to freight in transportation, for which defendant had in effect only one rate, which had been paid, a limitation in the bill of lading fixing the measure of recovery " in no case higher than invoice value " is invalid, and plaintiff is entitled to recover damages determined by the value of the goods at the point of destination.

3. A contention that such limitation is not invalid unless it is arbitrary, and that here the limitation is based upon an actual valuation of goods shipped as stated in the bill of lading and is, therefore, not arbitrary though that valuation is different from market value at point of destimation, cannot be sustained. Where the parties by their contract have not changed the measure of damages, except to provide that liability may not exceed a sum fixed or ascertainable upon a different basis from that which is used to determine the actual damages, it cannot be said that such limitation is not in real sense an arbitrary limitation.

*Kilthau* v. *International Mercantile Marine Co.*, 217 App. Div. 22, affirmed.

(Argued May 5, 1927; decided May 31, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 11, 1926 in favor of plaintiff, upon the submission of a controversy under section 546 of the Civil Practice Act.

*Ray Rood Allen* and *Harrington Putnam* for appellant. The Appellate Division erred in holding that a choice of rates is essential to the validity of the invoice value clause. (*McCoy & Parkhurst* v. *Erie & Western Transportation Co.*, 42 Md. 498; *The Hadji,* 18 Fed. Rep. 459; 20 Fed. Rep. 875; *Pearse* v. *Quebec Steamship Co.*, 24 Fed. Rep. 285; *The Aline,* 25 Fed. Rep. 562; *Chicago, Rock Island & Pacific Ry. Co.* v. *Harmon,* 17 Ill. App. 640; *Anchor Line* v. *Jackson,* 9 Fed. Rep. [2d] 543; *The Asuarca,* 13 Fed. Rep. [2d] 222; *The Oneida,* 128 Fed. Rep. 687; *U. S. Willow Furniture Co.* v. *La Compagnie Generale Transatlantique,* 271 Fed. Rep. 184; *Coleman* v. *N. Y., N. H. & H. R. R. Co.,* 215 Mass. 45; *Grubbs* v. *Atlantic Coast Line R. R.,* 101 S. C. 210.)

*Neil P. Cullom* and *James E. Freehill* for respondent. The limitation of liability contained in the bill of lading is void, because against public policy and without consideration, in that no choice of rates was given. (*St. Johns N. F. Shipping Corp.* v. *S. S. Companhia Geral Commercial Do Rio de Janeiro*, 263 U. S. 119; *Single* v. *Snyder*, 160 Fed. Rep. 627; *Gulf* v. *Hume*, 27 S. W. Rep. 110.)

LEHMAN, J.  The defendant carrier received in San Francisco several thousand bags of flour consigned to New York.  The plaintiff is the owner of the flour through purchase of the bills of lading.  The flour was stowed in a cargo space in defendant's steamer *Kroonland*.  Part of the flour was found on delivery in New York " to be tainted with the odor of said shingles, and was thereby damaged." The defendant does not dispute liability for such damage. The controversy concerns the measure of its liability. The parties have submitted the controversy upon agreed facts.

The plaintiff was entitled to receive the flour in New York in good condition.  He received it in damaged condition.  It is not questioned that in the absence of stipulation in the bill of lading fixing other measure of recovery, the plaintiff should recover damages computed on the basis of market value of the flour at destination. (*St. Johns N. F. Shipping Corp.* v. *Companhia Geral, etc.*, 263 U. S. 119, and cases there cited.)  In the present case the bill of lading does contain such stipulation.  It provides that " The freight on the cargo carried hereunder is regulated in consideration of all the terms of this contract and is based purely on the value of the cargo.  Unless a greater value shall be declared and written in the bill of lading as a basis for adjustment of freight and freight paid thereon accordingly, the value of general cargo does not exceed $100 per package, and of household goods or personal effects does not exceed $5 per 100 lbs., and in

computing any liability of the carrier, no value shall be placed thereon higher than $100 per package of general cargo or $5 per 100 lbs. of household goods or personal effects (but in no case higher than invoice value) or the proportionate part of such value in case of any partial loss or damage." According to the statement of agreed facts " the plaintiff's damages computed on the basis of market value at destination amount to $1,802.08," while plaintiff's damages computed on the basis of invoice value in accordance with the terms of the bill of lading hereinbefore set forth amounts to $832.58. The Appel- late Division upon the submission of the controversy has given judgment for the plaintiff for damages suffered, computed on the basis of the market value of the flour at destination, and has held that the clause of the bill of lading providing for lesser damages may in this case be given no effect. We are in accord with its conclusion.

The clause of the bill of lading now under consideration provides for limitation of damages to $100 per package unless greater value is declared. The defendant offered shippers of commodities of greater value than $100 per package, two different rates of freight; " a lower one based on the bill of lading valuation and a higher ad valorem rate applicable if the shipment is declared to be of a value higher than the bill of lading valuation." Here the value of the flour was much less than $100 per package. For shipments of goods of value less than $100 per package, the defendant had in effect only one rate, applying to shipments between San Francisco and New York, namely, 30 cents per hundredweight, the rate paid in this case. The limitation of value, for the purpose of fixing damages, to $100 per package was inconsequential here, since the goods were in fact worth less than that sum. Higher rates for carriage, if paid, were intended as con- sideration for assumption of greater risk. No alternative rate was made for restriction of liability below the limit of value of $100 per package. The recital in the bill of

lading that the freight is based partly on the value of the cargo may be given no other effect. We are concerned upon this appeal only with the question whether in such circumstances a restriction of recovery to the invoice value of the goods, though actual damage suffered is determined by the value of the goods at the point of destination, is enforcible.

The rule is well established, at least in this State, that a carrier may limit its liability for damages caused even by its own negligence if the parties agree that recovery shall be limited to an agreed valuation which forms the basis of the charges fixed by the carrier, or where limitation is the consideration for other benefit to the shipper. (*Boyle* v. *Bush Terminal R. R. Co.,* 210 N. Y. 389; *Tewes* v. *North German Lloyd Steamship Co.,* 186 N. Y. 151.) Here the agreement that liabilities shall not exceed the invoice value of the goods did not result in a reduction of charges to the shipper. Limitation imposed without choice of rates between limited and unlimited liability is not valid. (*Union Pacific R. R. Co.* v. *Burke,* 255 U. S. 317.) At least in the absence of other special consideration moving to the shipper for a limitation of liability for negligence on the part of the carrier, such limitation is without effect.

Here the effect of the valuation clause is solely to limit liability. If market value at place of destination should prove less than the invoice value, the shipper could not under its terms recover larger damages. It provides no new measure of damages of which either party may claim the benefit; it leaves the usual measure of damages unaffected, except that the damages so measured may not exceed the invoice value or its proportionate part in case of partial loss or damage.

It is urged, however, that such limitation is not invalid unless it is arbitrary, and that here the limitation is based upon an actual valuation of goods shipped as stated in the bill of lading and is, therefore, not arbitrary though that valuation is different from market value at

point of destination.  Undoubtedly in some cases the courts have based decisions refusing to enforce a clause of limitation to a stipulated valuation on the ground that the valuation was " arbitrary."  If the parties here had agreed that such invoice value should be the basis for fixing damages in all cases, it might perhaps be said that the valuation and consequent limitation was not arbitrary and should be enforced.  Where, however, the parties by their contract have not changed the measure of damages, except to provide that liability may not exceed a sum fixed or ascertainable upon a different basis from that which is used to determine the actual damages, it seems impossible to say that such limitation is not in real sense an arbitrary limitation.  The valuation used as a basis for limitation of liability bears no relation to the valuation used as a basis for the determination of damages.  An agreement for such limitation should be founded upon special consideration or choice.

We recognize that in a considerable number of cases in the United States District and Circuit Courts, clauses which are in many respects similar to the clause under consideration by us have been held valid and enforcible. We need not consider those cases where the parties provided not merely for a limitation of liability, but for a new measure of damages, or have stipulated a valuation of goods shipped for the purpose of adjusting any loss that might arise thereafter.  Such cases present, as we have already pointed out, a different question, and are governed by other considerations.  There remain, however, a number of cases where the clauses provide only for a limitation of liability based on invoice value.

The line of Federal cases which have reached the conclusion that such clauses are enforcible begin with *The Hadji* (18 Fed. Rep. 459; affd., 20 Fed. Rep. 875) and *Pearse* v. *Quebec Steamship Co.* (24 Fed. Rep. 285).  In both those cases the courts construed the clause as creating a basis for the measure of damages and not merely a

maximum limit of damages. Based upon that construction, the court in those cases held that the agreement was valid and enforcible. In *The Styria* (101 Fed. Rep. 728) the court pointed out that the construction placed upon this clause in these earlier cases was erroneous, and discarded it. Apparently, however, the court did not consider whether under the correct construction a different conclusion as to its validity was not dictated. It merely assumed validity of the limitation so created. Similar assumption seems to have been made in *The Aline* (25 Fed. Rep. 562) and *U. S. Lace Curtain Mills* v. *Oceanic Steam Navigation Co.* (145 Fed. Rep. 701) and *U. S. Willow Furniture Co.* v. *La Compagnie Generale Transatlantique* (271 Fed. Rep. 184). In other cases the validity of the limitation was apparently either conceded or not regarded as in controversy. (*Phœnix Insurance Co.* v. *Erie Transportation Co.*, 117 U. S. 312; *Anchor Line* v. *Jackson*, 9 Fed. Rep. [2d] 543; *The Bencleuch*, 10 Fed. Rep. [2d] 49; *The Ellerdale*, 10 Fed. Rep. [2d] 53.)

In no case cited has any court given effect after reasoned consideration to a clause which provided for invoice value merely as a maximum limit of liability where no special consideration moved to the shipper for such limitation. In the case of *Union Pacific R. R. Co.* v. *Burke* (255 U. S. 317) the court stated: " To allow the contention of the petitioner, would permit carriers to contract for partial exemption from the results of their own negligence without giving the shippers any compensating privilege." We hold that such contract for partial exemption is invalid whether created by limitation of liability to " invoice value " or by similar limitation to any other value different from the value which forms the basis for determination of actual damages.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed, etc.