## THE MERAUKE.

District Court, S. D. New York. May 1, 1928.

**1. Courts** ⊜⇒96(1)—**District Court sitting in admiralty is bound by federal court decisions conflicting with decisions of state court.**

District Court sitting in admiralty is bound by the decisions of the Circuit Court of Appeals and other federal courts, when in conflict with decisions of the state Court of Appeals.

**2. Shipping** ⊜⇒141(1)—**Shipper held limited to recovery for invoice value under bill of lading precluding liability for profits or consequential or special damages.**

Under bill of lading limiting carrier's liability, and precluding liability for any profits or consequential or special damages, shipper is entitled to recover pursuant to stipulation settling controversy for 10 per cent. of provable damages only on basis of invoice value, without regard to value of goods at destination.

In Admiralty. Libel by the Vacuum Oil Company against the steamship Merauke, claimed by the Rotterdamsche Lloyd. Decree for libelant.

Barry, Wainwright, Thacher & Symmers and John C. Crawley, all of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, Ray Rood Allen, and P. Fearson Shortridge, all of New York City, for respondent.

BONDY, District Judge. It has been stipulated that the suit is settled for 10 per cent. of the provable damages sustained by the libelant on account of the loss of 650 packages of cargo, subject to a credit of \$6,700.03, and that the bills of lading under which the goods were carried contain the following clause:

"Also it is mutually agreed that, unless a higher value be stated herein, the value of the property hereby receipted for does not exceed \$100 per package, and that the freight has been adjusted on such valuation, and no oral declaration or agreement shall be evi-

dence of a different provision or of a waiver of this clause. In computing any liability for negligence or otherwise, by the shipowner as carrier or otherwise, regarding any property hereby receipted for, no value shall be placed on said property higher than the invoice cost, not exceeding $100 per package (or such other value as may be expressly stated herein), nor shall the shipowner be held liable for any profits or consequential or special damages, and the shipowner shall have the option of replacing any lost or damaged goods."

It also has been stipulated that no other value was stated in any of the bills of lading; that no single package of the libelant's cargo was worth as much as $100; that for the transportation of goods not valued at more than $100 per package there was only one rate of freight, which was the rate paid by the libelant; that the shipper could have shipped at a valuation in excess of $100 per package by declaring such valuation and paying a higher rate; that the prepaid freight on the cargo lost was $2,015.05; that the invoice cost thereof was $10,330.09, and that the market value thereof would have been, when the vessel arrived at destination, $33,638.20; that there was no salvage in respect of the 650 packages of cargo lost; that a part of the shipment arrived at destination in sound condition, and that it had a market value at destination in excess of the total of the invoice cost of all the cargo shipped, plus prepaid freight.

The libelant contends that it is entitled to a decree for $2,693.82, being 10 per cent. of $26,938.17, the difference between $33,-638.20, the value of the goods at their destination, and the credit of $6,700.03.

The respondent contends that libelant is entitled to a decree for only $564.51, being 10 per cent. of $5,645.14, the difference between $10,330.09, the invoice value of the goods, and the credit of $6,700.03, plus $2,-015.05, the freight.

In The Aline, 25 F. 562, the bill of lading, like that herein involved, provided: "The company will not become liable for any value exceeding $100 upon each of the above-named packages, unless the value is declared at the time of shipment and so expressed in this bill of lading, and extra freight thereon paid, nor in any case for an amount exceeding the invoice cost thereof." Recovery was limited to invoice value.

In The Hadji (D. C.) 18 F. 459, affirmed (C. C.) 20 F. 875; Pearse v. Quebec Steamship Co. (D. C.) 24 F. 285; The Oneida (C. C. A.) 128 F. 687; U. S. Lace Curtain Mills v. Oceanic Steam Nav. Co. (D. C.) 145 F. 701; U. S. Willow Furniture Co. v. La Compagnie Générale Transatlantique (C. C. A.) 271 F. 184; Anchor Line v. Jackson (C. C. A.) 9 F.(2d) 543; The Ellerdale (C. C. A.) 10 F.(2d) 53—recovery was limited to the invoice value without reference to any choice of rates.

In Union Pacific Ry. Co. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656, in which the limitation of liability to $100 per package was held invalid, because not based on a choice of rates for limited or unlimited liability, the Supreme Court affirmed the Court of Appeals of New York, which rendered a judgment in favor of the plaintiff, based on the invoice value of the goods which were destroyed. See Burke v. Union Pacific Railroad Co., 226 N. Y. 534, 538, 124 N. E. 119.

In Kilthau v. International Mercantile Marine Co., 245 N. Y. 361, 157 N. E. 267, the Court of Appeals of this state considered a clause similar to that under consideration and refusing to follow the decisions of the federal court, held that a limitation of liability to invoice value is invalid, unless special consideration moves to the shipper for such limitation.

[1] I am of the opinion that the District Court sitting in admiralty is bound by the decisions of the Circuit Court of Appeals of this circuit, and other federal courts, when in conflict with the decisions of the state Court of Appeals.

[2] The libelant, therefore, is entitled to a decree for only $564.51, without interest, and without costs, in accordance with the stipulation.