## THE MERAUKE.

### VACUUM OIL CO. v. ROTTERDAMSCHE LLOYD.

Circuit Court of Appeals, Second Circuit. April 1, 1929.

No. 241.

Barry, Wainwright, Thacher & Symmers, John C. Prizer, and John C. Crawley, all of New York City, for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, Ray Rood Allen, and P. Fearson Shortridge, all of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). ▮▮ It is settled law that, in the absence of any stipulation to the contrary, a carrier's liability for loss of goods is measured by the market value of the lost goods at the port of destination on the date when they should have arrived. St. Johns N. F. Shipping Corp. v. Companhia Geral, etc., 263 U. S. 119, 44 S. Ct. 30, 68 L. Ed. 201. This is just. Had the contract for transportation been carried out, the shipper would have had the value of his goods at that time and place, less the freight paid. His loss by the carrier's breach of contract is the difference between what his position would have been, had the contract been performed, and his situation as it is. It is equally well settled that a stipulation limiting the carrier's liability for the consequences of its own negligence to an agreed valuation of $100 per package is invalid, unless consideration for the limitation is given by offering the shipper a choice of rates between limited and unlimited liability. Union Pac. R. R. Co. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656, Lawrence Leather Co. v. Compagnie Générale, 18 F.(2d) 930 (C. C. A. 2). The libelant contends that the same principle is equally applicable to a stipulation which attempts to restrict the shipper's recovery to invoice cost of the lost goods.

Viewing the question without reference to authority, we think this contention is right. Whether the maximum liability is limited to a stated sum per package or to the invoice cost, the attempt is to put a limitation upon the carrier's liability for the consequences of its own negligence. One method is perhaps a little less arbitrary than the other, but each attempts to say that the shipper shall not recover the full measure of the loss he has sustained. Why should the carrier be permitted to say this, unless the shipper is offered some advantage in return, as by giving him an alternative freight rate, or by agreeing to accept the invoice cost as the measure of the value of the goods at port of destination? The clause in question fixes no agreed value, but is solely for the benefit of the carrier. If the question is res integra, we should say that the public policy, which forbids limitation in the one case, forbids it in the other.

▮ Such was the decision in Kilthau v. Int. Mercantile Marine Co., 245 N. Y. 361, 157 N. E. 267. The District Court, however, felt bound to follow federal decisions believed to be to the contrary. It remains to consider these cases. In The Hadji (D. C.) 18 F. 459, and Pearse v. Quebec S. S. Co. (D. C.) 24 F. 285, the bills of lading provided that "in case of damage, loss, or nondelivery, the shipowners will not be liable for more than the invoice value of the goods." These were cases of damage, and Brown, J., allowed recovery for the difference between the invoice value of the goods and their value in damaged condition at the port of delivery. The Lydian Monarch (D. C.) 23 F. 298, was similar. These cases were overruled in The Styria, 101 F. 728, 735 (C. C. A. 2), which held that recovery should be the difference between the sound value and the actual value of the damaged goods at the port of delivery; the bill of lading provision being interpreted only as setting a maximum limit to such damages. It was assumed that such a limit would be valid but that point was not raised. The same is true of The Aline, 25 F. 562 (C. C. E. D. N. Y.), and of U. S. Lace Curtain

Mills v. Oceanic Steam Nav. Co., 145 F. 701 (D. C. E. D. N. Y.).

In The Oneida, 128 F. 687 (C. C. A. 2), also a damage case, the bill of lading was different, in that it made value at port of shipment an agreed valuation. United States Willow Furniture Co. v. La Compagnie Générale, 271 F. 184 (C. C. A. 2), purported to follow the rule of damages stated in The Oneida, and cited Pearse v. Quebec S. S. Co. as though that stood for the same proposition. Moreover, it is said, in Lawrence Leather Co. v. Compagnie Générale (C. C. A.) 18 F.(2d) 930, 931, that it affirmatively appeared in the Willow Furniture Co. Case that the carrier had and offered an alternative ad valorem freight rate.

In none of the later cases in this court—Anchor Line v. Jackson, 9 F.(2d) 543; The Bencleuch, 10 F.(2d) 49; The Ellerdale, 10 F.(2d) 53—was any question raised as to the validity of the clause limiting the shipper's recovery to invoice value. Hence the problem now presented has never evoked a considered opinion by this court, though the validity of such a provision has been assumed in some of the cases—notably The Styria, where its meaning was thoroughly considered. Under these circumstances, we regard the question as open to us, and for the reasons stated we believe it must be decided in favor of the shipper.

Consequently the decree is reversed, and the cause remanded, for assessment of damages in conformity with this opinion.