## PHILIPPINE REFINING CORPORATION et al. v. UNITED STATES.

District Court, E. D. New York. July 11, 1929.

No. 6289.

See, also, 29 F.(2d) 134.

Bigham, Englar, Jones & Houston, of New York City (James N. Senecal, of New York City, of counsel), for libelants.

Howard Ameli, of Brooklyn, N. Y. (William E. Collins, of New York City, of counsel), for the United States.

GALSTON, District Judge. This matter comes before the court on motion by the libelants for an order confirming the report of the special commissioner, except as to one exception by the libelant American Linseed Company, and to overrule exceptions filed by the respondent.

The commissioner, by order of the court, following the trial, was directed to take proof of libelants' loss and damages sustained by reason of the failure of the respondent to deliver to the various consignees of the libelants herein the respective amounts of cocoanut oil consigned to them, and also for contamination of a quantity of the cocoanut oil delivered, arising from the negligence of the respondent.

Considering first the exception of the libelant, the American Linseed Company:

As part of its damage, the American Linseed Company claimed the sum of $257, covering the storage of the contaminated cocoanut oil, also the sum of $126 for the cost of pumping the oil to the storage tank at Bayonne, and the sum of $90 covering the cost of repumping the oil from the tank at Bayonne to a lighter.

Clearly the learned commissioner was correct in holding that the pumping operations, irrespective of the negligence of the respondent, were necessary and were not expenses resulting from the negligence of the respondent. Hence those items should not be allowed to the libelant as damages. On the other hand, it would seem that the storage charge was directly attributable to the contamination of the oil, and hence should have been allowed.

The respondent's exceptions go to more important matters and raise more important questions.

In the first place, the respondent contends that the commissioner was in error in failing to find that the bills of lading restricted libelants' recovery to the cash value of the shipment at the time and place of shipment.

The bills of lading constituting the contract of shipment, respondent's Exhibits D and E, contain the following clauses:

"This contract is subject to all the stipulations and agreements herein set forth on either side hereof, whether stamped or printed, whether or not usual or customary, and whether or not in one of the several paragraphs. All said paragraphs are to be construed together."

"2. Also, that the carrier in respect of goods of any description shall not be liable for and the shipper shall not demand any greater sum than Two Hundred and Fifty Dollars ($250.00), for loss or damage to or delay in delivery of any one package, each package being represented and agreed by the shipper as being in no event of a greater value than Two Hundred and Fifty Dollars ($250.00), upon which basis the rate of freight is adjusted, unless a greater value is stated by the shipper and a bill of lading given and agreed therefor stating such greater value, and an additional freight paid thereon as may be agreed."

"9. Also, that in case the carrier is liable for loss or damage to any goods or merchandise under this Bill of Lading, the total amount recoverable shall in any event be restricted to the cash value of such goods at the port of departure at the time of shipment, the carrier reserving the option of replacing or repairing such goods at his expense, and that all claims for partial loss or damage shall be ascertained and adjusted upon the same basis of value."

From these clauses the respondent argues that there has been a limitation imposed upon the libelants in the matter of proof of loss or damage. In support of its contention, the respondent cites Cau v. Texas & Pac. R. Co., 194 U. S. 427, 431, 24 S. Ct. 663, 48 L. Ed. 1053; Frederick Leyland & Co. v. Hornblower (C. C. A.) 256 F. 289; Adams Express Co. v. Croninger, 226 U. S. 491, 508, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U. S. 328, 36 L. Ed. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265; Union Pac. R. Co. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656; A. C. Lawrence Leather Co. v. Compagnie Générale Transatlantique (The Penmorvah) (C. C. A.) 18 F.(2d) 930, 1927 A. M. C. 773; Kilthau v. International Mercantile Marine Co., 245 N. Y. 361, 157 N. E. 267, 1927 A. M. C. 1131; The Merauke (C. C. A.) 31 F.(2d) 974, 1929 A. M. C. 596.

In opposition, the libelant cites the recent case decided by the Circuit Court of Appeals for the Second Circuit, of Vacuum

Oil Co. v. Rotterdamsche Lloyd (S. S. "Merauke") 31 F.(2d) 974. The opinion in that case contains the following passage:

"It is equally well settled that a stipulation limiting the carrier's liability for the consequences of its own negligence to an agreed valuation of $100 per package is invalid, unless consideration for the limitation is given by offering the shipper a choice 'of rates between limited and unlimited liability."

This authority must be controlling herein.

Aside, however, from any question of authority, the concession by the carrier that no choice of rates is offered under paragraph 9 seems to me to be fatal to its contention, for, though respondent endeavors to read into clause 9 provisions of clause 2 of the bills of lading, and assuming paragraph 2 of the bills of lading offers a choice of rates to the shipper, it applies only to merchandise in packages, whereas the shipment of the cocoanut oil was, of course, in bulk. Clause 2 certainly, therefore, cannot apply to the shipment herein. There is no choice of rates offered in clause 2 or in any other clause of the bill of lading to the shipper of a bulk cargo. Hence the contention of the carrier that a choice of rates was offered the libelants must fail.

Another exception raised by the respondent is to the allowance of $1,698.06, or any sum, to the libelant, the Procter & Gamble Company, as damages for the alleged contamination of the cocoanut oil delivered to that company.

The respondent argues that there is failure of evidence to support a claim for contamination of this shipment.

The record shows that William F. Mitchell, the purchasing agent of the Procter & Gamble Company, testified, that, based on the readings of the chemists, an allowance of 70 cents per hundred pounds was in his opinion, and apparently he testified as an expert, a fair and reasonable allowance for the contaminated oil delivered to the Procter & Gamble Company. It is true, as the respondent points out, that he did not personally examine the cocoanut oil in question, but the nature of his testimony did not require such personal examination.

The witness Egan, a chemist, testified that, if the cocoanut oil contained a trace of fuel oil, as apparently this shipment did (Libelants' Exhibit A), it could not be used for high grade toilet soap, which was its intended use, but could be used for laundry soap. He added that it was impossible to remove the fuel oil once it had found its way into the cocoanut oil. Moreover, the libelant points out that, upon the trial of the cause, two other chemists, Eailey and Trevithick, testified to obtaining a red reading of 25 on this particular shipment of cocoanut oil before refining, and 11.3 red after refining; moreover, that normal cocoanut oil should have a reading of about 3 after having been refined. Evidence is thus afforded of contamination and of the market value of the contaminated oil.

No evidence in contradiction was adduced by the respondent. There is no reason, therefore, for applying any rule for the determination of the damage suffered by this libelant other than is usual in such cases, the difference between the market value of the sound goods and the market value of the damaged goods. Such was in effect the measure adopted by the Commissioner.

Finally, the respondent excepts to the commissioner's report for failing to find that the rate of freight on the shipment was $11.50 per long ton. However, it appears from the report of the commissioner that, in determining the amount of the excessive freight paid by reason of the undelivered product, he used the ratio of the amount of oil delivered to the amount paid for, a calculation without reference as to what the freight rate was.

In accordance with the foregoing opinion, all of the exceptions of the respondent are overruled; and the exception of the libelant American Linseed Company is overruled except as to the item of $257 for the storage of the cocoanut oil at the Bayonne plant. That part of the exception is sustained.

An order may be entered confirming the report of the commissioner as thus modified. Settle order on notice.