Lawrence J. Murphy, Plaintiff, *v.* The Export Steamship Corporation, Defendant.*

City Court of New York, Bronx County, March 14, 1934.

*Neil P. Cullom* [*James E. Freehill* of counsel], for the plaintiff.

*Haight, Smith, Griffin & Deming* [*Edgar R. Kraetzer* and *Herbert M. Statt* of counsel], for the defendant.

Evans, J. The action is for damage to a shipment of automobiles and trucks carried from New York to Beirut, Syria, in the defendant's steamship *Excambion*. At the port of Beirut the harbor is shallow, and, customarily, discharge of cargo takes place into lighters. A lighter took the cargo from the side of the ship on the afternoon of October 26, 1931, and went into an anchorage inside the harbor. The next day the cargo slid into the water from the lighter and the lighter sank. No reason, except the unseaworthiness of the lighter, explains the sinking. The lighter was neither owned nor operated by defendant, but by

* See, also, 152 Misc. 322.

an independent contractor selected by Henry Heald & Co., defendant's agent, and paid for by the consignees.

Under the bill of lading, Henry Heald & Co., the ship's agent, was not charged with the duty of selecting the lighter. I do not think it may be fairly said that Henry Heald & Co., in doing so, was acting as the agent of the consignees, under a custom of the port. Before Heald & Co. could be said to be the consignees' agent, for this purpose, it should have notified the consignees or shipper to provide lighters, and if the consignees or shipper had refused or failed to do so, within a reasonable time, then its selection of the lighter might be said to be that of the consignees or shipper. (*Castle* v. *Swedish America Mexico Line*, 245 Fed. 911; *Atlantic Sugar Refineries* v. *Royal Mail Steam Packet Co.*, 47 F. [2d] 880.) I do not think that the point, as to whether Heald & Co. was or was not the agent of the consignees in selecting the lighter, is decisive of the case. Because, in any event, while acting for the discharge of the cargo from ship to lighter, Henry Heald & Co. was the agent of defendant. By the terms of the contract of carriage, it is claimed, by defendant, that the ship fulfilled its obligation by delivering the cargo to the lighter, under the so-called lighterage and end-of-tackle clauses of the bill of lading. But those clauses, being Nos. 4 and 13 of the bills of lading, cannot, it is claimed by plaintiff, be isolated from clause 5, which requires notice of discharge to be given to the consignees or the shipper. No such notice was given, and when the consignees came for their goods, the automobiles and trucks were already resting at the bottom of the harbor.

Were no notice required to be given the consignees or shipper, this case would fall within the rule of *Continental Ins. Co., Inc.*, v. *Anchor Line* (53 F. [2d] 1032); *Chartered Bank of India* v. *British India S. N. Co.* (11 Asp. 245); *Constable & Co.* v. *National Steamship Co.* (154 U. S. 51) and like cases, where discharge to a lighter or dock exempted the carrier from further liability; and to recover the plaintiff would be bound to show negligence in the selection of an unseaworthy lighter, or an improper place of discharge. (*Austin Nichols & Co., Inc.*, v. *Compania Transatlantica*, 218 App. Div. 660; affd., 245 N. Y. 624; *Constable* v. *National Steamship Co.*, 154 U. S. 51; *The Boskenna Bay*, 40 Fed. 91; *Morris* v. *Lamport & Holt, Ltd.*, 54 F. [2d] 925; *The Ogeechee*, 248 Fed. 803; *The Galileo*, [L. R.] App. Cas. 1915, p. 199, House of Lords.)

Without stipulation in a bill of lading the common law required notice of arrival when vessels were irregular as to time of sailing or time of arrival or circumstances demanded notice. (*The Boskenna Bay*, 40 Fed. 91; *The City of Lincoln*, 25 id. 835; *Rosenstein* v. *Vogemann*, 184 N. Y. 325.)

The defendant is liable here, if it was obliged by its contract to give notice of discharge of the goods into the lighter or " put them into craft," as the language of paragraph 5 of the bill of lading reads. If it had given such notice at the commencement of the discharging, there might have been sufficient opportunity for the consignees to have taken their goods from the lighter, which sank during the night or next morning. In any event, such notice would have been a full compliance of the contract of carriage. Without such notice, the ship must be held to have maintained responsibility for the safety of the shipment.

I am not impressed with the argument that the discharge of the goods was accomplished pursuant to paragraphs 4 and 13 of the bill of lading which do not stipulate notice, and not by virtue of paragraph 5 of the bill of lading which does require notice. The three must be read together.

As to the amount of damages recoverable I think clause 2 of the bill of lading is neither a limitation of liability for negligence, without consideration, condemned in *Straus & Co.* v. *Canadian Pacific Ry. Co.* (254 N. Y. 407), nor is it one where the agreement that the liability shall not exceed a stipulated sum failed to result in a reduction of charges to the shipper. (*Kilthau* v. *International Mercantile Marine Co.*, 245 N. Y. 361.) I think the evidence at bar shows that the shipper had a choice of rates, and, in consideration of the lesser value, paid a smaller freight charge, and no claim is made that the shipment had a lesser value than stipulated in the bill of lading. The proof shows a waiver of the presentation of a formal claim for damages. The pleadings may be deemed amended accordingly.

Judgment for the plaintiff for $700, with appropriate interest.