[Civ. No. 10748.   First Appellate District, Division One.—September 6, 1939.]

MARGUERITE HUBBARD, Appellant, v. MATSON NAVI-GATION CO. et al., Respondents.

Frank S. Hamburger and George Olshausen for Appellant.

Brobeck, Phleger & Harrison and Moses Lasky for Respondents.

PETERS, P. J.—Plaintiff appeals from a judgment of nonsuit in favor of defendants Matson Navigation Company and the Oceanic Steamship Company. The plaintiff has dismissed as to the third defendant, S. Degnan.

Appellant was a cabin passenger for hire on respondents' steamship Monterey, traveling between Honolulu and San Francisco. According to the evidence, on January 27, 1934, she fell from her berth and suffered the injuries which form the basis of this action. She had taken passage under a signed written contract evidenced by a contract ticket. This ticket, on its face, states:

"This ticket is subject to passenger contract printed on reverse hereof and, when sold for passage locally between United States ports, to tariff regulations (not inconsistent with said contract) on file with the United States Shipping Board and at all offices of the companies."

On the back of the ticket appears the following:

## "PASSAGE CONTRACT FOR ENTIRE TRIP

"*To which Passenger, by signature or acceptance and use of Ticket, assents.* ——

"14. *Claims and Suits.* Carrier shall not be liable for any loss, damage, injury or delay in connection with this transportation (other than on account of death), unless written notice of claim therefor shall have been presented to Carrier against whom (or against whose vessel, or master or officer thereof) such claim is made, at its home office or at the office of its agent at place of landing, within thirty (30) days, and unless suit thereon be commenced and summons served within ninety (90) days, after (in each case) passenger is next landed, . . . "

At the conclusion of appellant's case (which we may assume for present purposes showed that the injuries were proximately caused by respondents' negligence), respondents moved for a nonsuit on the grounds that no written notice of claim had been filed with them within thirty days of the time of landing, and the action was not commenced within ninety days of that date, as required by the terms of the contract of passage above quoted. It is admitted that no written claim was filed with the companies until July 24, 1934, about six months after the accident, and that the suit was not commenced until October 4, 1934, some eight months after the

termination of the trip. The trial court granted the motion on the grounds urged.

■ On this appeal appellant urges two main points: (1) That the time limitations contained in the contract of passage are invalid in that they are unsupported by consideration; and (2) even if valid, they were waived by respondents.

It is admitted by appellant that, under the law as it existed in 1934, the time limitation provisions above quoted were not invalid because violative of public policy. This concession is in accordance with the decisions of the courts. (See *Gooch* v. *Oregon Short Line Ry. Co.*, 258 U. S. 22 [42 Sup. Ct. 192, 66 L. Ed. 443]; *S. S. Ansaldo San Giorgio I* v. *Rheinstrom Bros. Co.*, 294 U. S. 494 [55 Sup. Ct. 483, 79 L. Ed. 1016]; *Murray* v. *Cunard Steamship Co.*, 235 N. Y. 162 [139 N. E. 226, 26 A. L. R. 1371], and cases cited therein.) It should be noted that in 1935, by statute, any provision limiting the filing of claims to less than six months and the filing of suits to less than a year were declared invalid (46 U. S. C. A., sec. 183b).

It is the theory of appellant that, although such time limit clauses are not violative of public policy, to be enforceable they must be supported by some special consideration other than the consideration that supports the contract of passage, such as a choice of rates. It is conceded that no case has been decided directly so holding, but it is contended that an analogous doctrine has been announced dealing with limitation of liability clauses in the carriage of goods. It is well settled that any contract between a carrier and shipper completely exonerating the carrier from liability for negligent injury to the goods carried, is void as being against public policy. It is equally well settled that a carrier may by contract with the shipper partially exonerate itself and limit its liability for damages, but to be valid, such agreement by the shipper to accept less than full damages, must rest on some consideration other than the mere agreement to transport at the regular rate. The usual form of such special consideration is to have two rates—the regular rate under which the carrier's liability is unlimited, and a lower rate under which the liability is limited. The consideration moving to the shipper is then the lower rate. If but one rate is offered then such limitation of liability clauses are invalid. (*Union Pacific R. Co.* v. *Burke*, 255 U. S. 317 [41 Sup. Ct. 283, 65 L. Ed. 656]; *Toyo Kisen*

*Kabushiki Kaisha* v. *Willits & Co.,* 17 Fed. (2d) 762; *Kilthau* v. *International Merc. Marine Co.,* 245 N. Y. 361 [157 N. E. 267] ; *Illinois Cent. R. Co.* v. *Lancashire Ins. Co.,* 79 Miss. 114 [30 So. 43].) The reasoning upon which this rule is predicated is that, since complete exoneration clauses are invalid, partial exoneration clauses will only be permitted where the shipper receives a special material benefit in the form of a special low rate in return for his promise to accept limited damages.

In our opinion this rule, and the reasoning upon which it is predicated, have no application to time limitation clauses such as the one here involved. Such clauses do not purport to limit the *quantum* of the liability of the carrier. They do not purport to wholly or partially exonerate the carrier from liability. They, just as do similar provisions in insurance contracts, simply regulate the manner and time of bringing suit. Appellant's attempt to distinguish the legal effect of such clauses in insurance contracts from those in contracts of passage is unsound. Both the insurance company and the carrier have the lawful right to provide in their contracts reasonable regulations pertaining to the manner and time of bringing suit. As long as such regulations are reasonable they are supported by the same consideration as supports the contract to carry the passenger—they are an integral part thereof. The United States Supreme Court has determined that such thirty-ninety day clauses are reasonable and valid. The alleged injury having occurred on the high seas, the federal cases are controlling.

It seems to us very significant that in none of the many federal cases discussing this general problem did the courts suggest that a special consideration is necessary to support such a clause. This, of course, is not conclusive, but it is entitled to some weight. It is quite unlikely that the same courts that have held that limitation of damage clauses must be supported by a separate consideration should overlook that doctrine when considering the validity of time limitation clauses, if that doctrine were applicable to such clauses. The many cases upholding the validity of such time limitation clauses inferentially at least determined that there was no element lacking in the clauses essential to their validity. A rather significant case which supports this view is *Missouri, Kansas & Texas Ry. Co.* v. *Harriman Bros.,* 227 U. S. 657,

[33 Sup. Ct. 397, 57 L. Ed. 690]. In that case the court considered the validity of a limitation of liability clause and a ninety-day time limitation clause. The limitation of liability clause was held valid because there was a choice of rates. The ninety-day clause was held valid because it was held to be reasonable. There was no special consideration to support this last-mentioned clause—no choice of rates whereunder the shipper could pay a higher rate for a longer period. Under such circumstances, where both types of clauses were being considered in the same opinion, it is not likely that the United States Supreme Court would have overlooked the argument here advanced had it been a valid one. Appellant relies on certain language appearing in *Gooch* v. *Oregon Short Line Ry. Co., supra.* In that case the passenger was injured while riding on a so-called drover's pass. In recounting the facts, Justice Holmes stated (p. 23) : "In consideration of the pass the plaintiff agreed that the carrier should not be liable to him upon the trip unless he . . . should, within thirty days after the injury, give notice in writing of his claim · . . . " In discussing the law the court gave no indication at all that the drover's pass constituted any special consideration to support the time limitation agreement. It is quite significant that none of the many cases that have relied on the Gooch case since it was written, has even mentioned the point, or so interpreted the case.

Appellant's second major point is likewise without merit. Appellant contends that both the thirty and the ninety-day clauses were waived by certain actions of the officers of one of respondent companies. It will be remembered that the alleged injuries were received on January 27, 1934. One of appellant's attorneys, Mr. Sanborn, testified that on January 30, 1934, he had a conversation with Mr. Perrin, respondents' claim agent; that he told Perrin that he was seeking certain information on behalf of Mrs. Hubbard; that he was "there to find out whether it was necessary to file any form of claim, if they had any forms or not, and he said 'No'." Respondents contend that the "No" of Mr. Perrin refers only to the last part of the question and not to the first part. On the motion for a nonsuit the trial court must indulge in all reasonable inferences favorable to plaintiff. Applying this rule it is apparent that the "No" could apply and reasonably does apply to both parts of the question. In the

absence of a controlling statute to the contrary, this would constitute an oral waiver of the provision requiring the filing of claim within thirty days. We do not find it necessary to interpret the various federal statutes relied on by both parties to determine whether existing statutes prohibit such waivers. They are not entirely clear. We may assume, for the purposes of this opinion, that the representation made by Perrin that it was not necessary to file a claim, estops respondents from now claiming that the filing of a written claim was necessary. Appellant concedes that such waiver in no way affects the other clause requiring the filing of suit within ninety days. In connection with this clause appellant contends it was waived by a letter from respondents to one of appellant's attorneys, dated August 8, 1934. In that letter (signed by Mr. Perrin) receipt of a letter from Mr. Hamburger, one of appellant's attorneys, dated July 24, 1934, is acknowledged. After stating that the company had closed its files on the case, the letter continues:

"Our investigation disclosed that if Mrs. Hubbard sustained an injury aboard the Monterey, such injury was the result of her own negligence and we therefore regret that under the circumstances we must deny all liability in connection with her case."

It will be noted that this letter was written over six months after the accident, and long after the ninety-day period fixed for the filing of suit had expired. It is appellant's theory that because the letter mentioned one defense—contributory negligence—it waived all others. The letter does not purport to catalogue respondents' defenses. It indicates on its face no intent to waive defenses not mentioned. No element of estoppel is present because the time for filing suit had long expired. Failure to mention a defense, in the absence of some consideration or element of estoppel, cannot create or recreate an obligation otherwise not existing. Under such circumstances the better-reasoned cases, and the weight of authority, is to the effect that such a letter does not constitute a waiver. (*W. R. Grace & Co.* v. *Panama R. Co.*, 12 Fed. (2d) 338; *The Texas Maru*, 13 Fed. (2d) 538; *Cudahy Packing Co.* v. *Munson S. S. Line*, 22 Fed. (2d) 898; *Ray* v. *Missouri, K. & T. Ry. Co.*, 96 Kan. 8 [149 Pac. 397, Ann. Cas. 1918B, 1035].) The only case cited to the contrary dealing with carrier contracts is *Oelbermann* v. *Toyo Kisen Kabushiki*

*Kaisha,* 3 Fed. (2d) 5. That case was considered in several of the cases discussed above and expressly disapproved.

For the foregoing reasons it must be held that the provisions of the contract limiting the time to file a claim and to bring suit are valid in all respects, and that, even if the thirty-day period were waived, the ninety-day period was not. Under such circumstances the judgment of nonsuit was proper.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 6, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 30, 1939. Houser, J., and Carter, J., voted for a hearing.