Guy Gilbert Ribaudo, J.
By this action, plaintiff seeks to recover the actual value of three lost interstate shipments (each weighing 143 pounds) which delivered to defendant, a common carrier operating under the Interstate Commerce Act (U. S. Code, tit. 49, § 1 et seq.). The value of each shipment is conceded to be $859.58 and, accordingly, plaintiff seeks judgment for $2,579.94.
Defendant, however, points to the bill of lading whereunder plaintiff chose to ship at a released value of 50 cents per pound and not at the actual value of the shipments. At 50 cents per pound, the released value and defendant’s liability is $71.50 per shipment or $214.50 for the three shipments.
After the loss, and on April 23, 1959, defendant tendered in satisfaction of its liability $214.50, which payment plaintiff refused.
Plaintiff argues that its election to ship at a released value of 50 cents per pound is a nullity because defendant’s minimum charge of $5.75 per shipment did not constitute an offering to plaintiff of a rate for releasing the shipments at 50 cents per pound lower than the rate for a shipment at a declared full value,
*547 In this contention, plaintiff errs for it concedes that at full value the rate per shipment would be $5.86 — while here it paid but $5.75, a charge obviously less than the charge as a nonreleased (i.e., full) value.
Plaintiff urges, however, that the charge of $5.75 was erroneously computed and that if correctly determined by the defendant carrier, the charge would have been $6.85; and since this is higher than the charge at full value (i.e., $5.86), plaintiff was not offered a reduced rate for the limitation of defendant’s liability to 50 cents per pound.
The parties agree not only as to the facts, but also as to the applicable general principles of law.
A tariff which does not offer a lower rate for a released value shipment is wholly ineffective to limit the carrier’s liability. (Interstate Commerce Act, U. S. Code, tit. 49, § 20, subd. [11]; Union Pacific R. R. Co. v. Burke, 255 U. S. 317, 321; Kilthau v. International Mercantile Mar. Co., 245 N. Y. 361.) Likewise, the rates as filed by the defendant carrier, and approved by the Interstate Commerce Commission, “ are absolutely binding upon all persons who are parties to a contract of interstate transportation. They have the force of a statute. * * * No party can lawfully depart from them.” (Burke v. Union Pacific R. R. Co., 226 N. Y. 534, 543, affd. sub nom. Union Pacific R. R. Co. v. Burke, supra.) Exoneration from full liability cannot be predicated upon erroneous rate calculations. Deviations — intentional or by mistake — from rate schedules are prohibited. (New York & Honduras Rosario Min. Co. v. Riddle Airlines, 3 A D 2d 457.) A genuine choice of rates must be offered to the shipper by the filed tariffs — absent such choice, under the tariffs the omission cannot be supplied merely by defendant’s charge as made, being less than the full value charge.
Hence, resolution of the issue depends upon the interpretation and application of the tariff schedule filed by defendant.
Under defendant’s tariffs, no difficulty was found by either party in computing the rate at full value, i.e., $5.86 or the rate at a released value of 50 cents per pound, i.e., $4.89. The complicating circumstance is that defendant’s tariff provided a minimum charge for a single shipment from one consignor, to one consignee, on one bill of lading. The defendant’s minimum charge ‘ ‘ shall be for 120 pounds at the Acme 1st class rate, but in no case shall the charge for a single shipment be less than $2.17
Plaintiff and defendant agree that in determining the minimum charge, defendant’s tariff produces a rate of $4.79 per hundred pounds. They split apart on whether under the mini *548 mum charge provisions of the tariff this rate was to be multiplied by 120 pounds to get a minimum charge of $5.75 as defendant has done or multiplied by 143 pounds, the actual weight of each shipment, with a resulting charge of $6.85. If the latter, then defendant’s tariff does not offer a rate lower than the rate at full value — with the consequence that the limitation of liability is “wholly ineffective” (Union Pacific R. R. Co. v. Burke, supra).
. For the provision as to the minimum charges to have any rational meaning, the specification of 120 pounds must be an absolute. The court so finds and holds that, regardless of the weight of the package, the minimum charge under the tariff shall be 120 times the appropriate rate. Since here the released value charge came to $4.89, it was proper for the defendant to determine whether the minimum charge was more or less than $4.89. According to the tariff, 120 times the class rate resulted in a minimum charge of $5.75. Since the released value charge was less than the permitted minimum, the defendant could impose the minimum charge of $5.75 subject only to one limitation, i.e., the minimum charge so imposed could not vitiate the plaintiff’s right to obtain a reduced rate in consideration of defendant’s limited liability to 50 cents per pound.
As $5.75 is less than $5.86 — the full value charge — the plaintiff did have the benefit of a reduced rate. The measure of the difference is not crucial. So long as truly there was a difference, plaintiff did, as its own traffic manager wrote to defendant, “ receive (the) benefit of a reduced charge by releasing each shipment to $.50 per lb.”
As defendant made a proper tender on April 23, 1959 of $214.50 which plaintiff refused, plaintiff is entitled to judgment of $214.50, but without interest or costs.