M. Day (D. C.) 42 F.(2d) 715, does not apply, and the relator although his period of parole is still running is subject to deportation under the present provisions of the law, in spite of the fact that his sentence began to run before that law went into effect. Cf. General Order of the Commissioner General of Immigration No. 132, dated May 3, 1929, promulgated to effectuate the provisions of section 3 of the Act of March 4, 1929, above referred to.

the merchandise delivered to respondent for shipment might not go aboard the steamer Alaska Maru, or that it did not, contrary to the recitals of the bill of lading, actually go aboard, it is quite probable that such fact, as between shipper and carrier, would be a valid defense. If, upon the trial, the proof should establish that libelant is not a bona fide holder for value of the bill of lading, as respondent apparently claims, a substantiated defense, such as is suggested above, would likely prevent a recovery.

For this reason, I think respondent's defense, as alleged in the eleventh paragraph of the answer, should be permitted to stand.

The exception filed to that portion of the answer which pleads libelant's failure to give notice of claim under the seventeenth clause of the bill of lading is sustained. The Alaska Maru, according to the answer, never carried any goods under the bill of lading in question. Consequently, she had none to discharge, and there was nothing upon which the notice clause could operate.

The valuation clause, to which exception has been filed, is, I think, free from the objectionable features which, in numerous decisions, have brought about the invalidation of somewhat similar clauses. The exception to it will therefore be overruled.

The interrogatories attached to respondent's answer are directed to an endeavor to prove that libelant is not a bona fide holder for value of the bill of lading upon which suit is brought. Upon that theory they are not improper. The exceptions to them will be overruled.

## OLIVIER STRAW GOODS CORPORATION v. OSAKA SHOSEN KAISHA.

District Court, S. D. New York.
May 1, 1925.

See also 42 F.(2d) 719; (D. C.) 21 F.(2d) 618; (C. C. A.) 27 F.(2d) 129.

Clause No. 9 of the bill of lading provided "ship and/or carrier shall not be liable in any amount whatsoever for gold, silver; * * * or for any goods beyond the proportionate amount of Three Hundred Yen for any one package; unless the bills of lading are signed with the value declared therein."

Bigham, Englar & Jones, of New York City (Henry T. Hale, of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for respondent.

KNOX, District Judge.

If the shipper of the goods, for the loss of which this libel was filed, knew or had reason to know, from prevailing custom, that

## OLIVIER STRAW GOODS CORPORATION v. OSAKA SHOSEN KAISHA.

District Court, S. D. New York.
June 17, 1930.

