## OLIVIER STRAW GOODS CORPORATION v. OSAKA SHOSEN KAISHA.

District Court, S. D. New York.
May 1, 1925.

See also 42 F.(2d) 719; (D. C.) 21 F. (2d) 618; (C. C. A.) 27 F.(2d) 129.

Clause No. 9 of the bill of lading provided "ship and/or carrier shall not be liable in any amount whatsoever for gold, silver; * * * or for any goods beyond the proportionate amount of Three Hundred Yen for any one package; unless the bills of lading are signed with the value declared therein."

Bigham, Englar & Jones, of New York City (Henry T. Hale, of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for respondent.

District Court, S. D. New York.
June 17, 1930.

Clause No. 9 of the bill of lading provided as follows: "The ship and/or carrier will not be liable in any amount whatever for gold, silver \* \* \*; or for any other goods beyond proportionate amount of Three Hundred Yen for any one package; unless the Bills of Lading are signed with the value declared therein."

Clause No. 18 was as follows: "All admitted claims shall be adjusted and/or settled on the basis of the market value of sound similar goods on the day of the steamer's arrival at the port of discharge, less such freight and other charges saved, or, at the carrier's option, on the basis of the invoice value plus freight and insurance."

Bigham, Englar, Jones & Houston, of New York City (Henry N. Longley and Ezra G. Benedict Fox, both of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for respondent.

MACK, Circuit Judge.

The Circuit Court of Appeals in reversing the dismissal of the libel directed a decree providing for the assessment of the damages caused by the failure of respondent to deliver certain merchandise. 27 F.(2d) 129. The sole question before me is the applicable measure of damages.

Libelant contends that it should be based on the value of the goods at the contemplated destination: respondent that under clause 9 of the bill of lading, the damages should be limited to 300 yen per package, or that, in any event, under clause 18 of the bill of lading they should be limited to the invoice value of the goods plus freight and insurance.

■ Libelant denies the validity of these valuation clauses because, as it contends, no choice of rates was provided. Union Pacific Ry. v. Burke, 255 U. S. 317, 41 S. Ct. 283, 65 L. Ed. 656. Respondent answers that a rate was provided under a proper construc-

tion of the printed tariff. Judge Knox, in passing on exceptions to the answer before the trial, sustained the validity of the limitation clauses (D. C.) 42 F.(2d) 717. I find it unnecessary to determine the question, although as to clause 9 I am inclined to agree with him on the ground that alternative rates were offered in the tariff. Clause 18, however, is in my judgment invalid under The Merauke Case, 31 F.(2d) 974 (C. C. A. 2d).

■ In The Sarnia, 278 F. 459 (C. C. A. 2d), the court held that the carrier loses the benefit of a valid valuation clause in case of deviation. The basis of the decision was that the shipowner had committed a breach of the contract of affreightment that goes to the essence of the contract. The basis of my dissent was that the valuation clause was fairly intended to control the adjustment of the rights of the parties even in case of a radical departure from the contract. But my view did not prevail. While in Sarnia the breach of contract was in the deviation, the rule there enunciated is, of course, not limited to such breach.

In the instant case, the court, in reversing, held that "the exception in the bill of lading exempting the carrier from liability for losses arising from acts of God is clearly unavailable as a defense, because of the estoppel which precludes the respondent from denying that the goods were on board the Alaska Maru on August 30. Assuming, as we must, that they were on the vessel at that date, the earthquake and robbers could not have affected them." 27 F.(2d) 129, 133.

It did not pass directly on the validity or effect of the valuation clause. But under the reasoning in The Sarnia, supra (see, too, Higgins v. Anglo-Algerian S. S. Co., Ltd., [C. C. A.] 248 F. 386), respondent having knowingly and falsely represented that the goods were being carried on the Alaska Maru cannot claim the benefit of the valuation clause. True it is that respondent's liability is based upon estoppel to deny that the goods had actually been shipped. True, too, that if the valuation clause be valid, the liability would be limited, if the goods had in fact been shipped.

■ But while respondent, because of its misrepresentation in the bill of lading, is estopped from asserting a defense based upon the actual fact that the goods were never shipped, libelant is not thereby through any doctrine of mutuality estopped from basing

its claim to damages upon the failure to make the shipment, with the resulting failure to make proper delivery. The very misrepresentation, in addition to creating the estoppel to deny destruction on land by the act of God, prevents respondent from availing itself of the valuation clause as also of any other exceptions inserted for its benefit.

The damages, therefore, will be fixed as per stipulation at $8,250, with interest from October 25, 1923, and costs.